GILLAN, Appellant, vs. THE BOARD OF REGENTS OF NORMAL SCHOOLS, Respondent.

*April 17 — May 1, 1894.*

*Normal schools: Power of regents to remove teacher "at pleasure:" Contracts.*

1. The power to remove a teacher "at pleasure," given to the board of regents of normal schools by subd. 3, sec. 404, R. S., is a discretionary one, and its exercise in a given case cannot be inquired into by the courts.
2. The statute giving such power of removal becomes a part of every contract made by the board with a teacher for his employment in a normal school; and the board can make no by-law or contract by which such power is bargained away, limited, or restricted.
3. When by the exercise of such power the contract relation between a teacher and the board is terminated, and he has received notice thereof, his right to any further salary or compensation is also terminated.

APPEAL from the Circuit Court for *Dane* County.

The facts are sufficiently stated in the opinion. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Williams & Robinson,* attorneys, and *Geo. W. Bird,* of counsel, and oral argument by *O. T. Williams.* They contended, *inter alia,* that the board had the right to make any contract of hiring with a teacher that it saw fit. The statute gives the greatest discretion in this regard, and does not direct that contracts *shall* contain a condition that the teacher shall be subject to removal at pleasure. Nor does the provision that the board may remove at pleasure engraft that condition upon every contract. It simply gives the board the *right* to make such a reservation in the contract. Without such express authority, the board could not insert such a provision in any contract with a teacher. *Tripp v. School District,* 50 Wis. 651. A teacher is not a public

officer, but is an *employee* of the board, and his relation
with the board is governed entirely by the contract of hir-
ing, if that contract is a legal one. He cannot be legislated
out of office, nor can his salary be diminished, nor can he
be removed without just cause, during the term of the con-
tract, unless there is an express stipulation in his contract
to that effect. *Butler v. Regents*, 32 Wis. 124.

For the respondent there was a brief by *R. M. Bashford*
and *T. A. Polleys*, and oral argument by *Mr. Bashford*.
To the point that, the power of summary removal vested
in the board being discretionary, the manner in which such
power was exercised cannot be inquired into by the courts,
they cited, besides cases cited in the opinion, *People ex rel.
Stevenson v. Higgins*, 15 Ill. 110; *Territory v. Cox*, 6 Dak.
501.

ORTON, C. J.   By the complaint in this action the plaint-
iff's claim is predicated upon a contract with the defend-
ant board for his services as a teacher in the normal school
in the city of Milwaukee, and as a conductor of institutes
for the instruction of teachers in various parts of the state,
for the school year commencing on the 1st day of Septem-
ber, 1891, and ending on the 24th day of June, 1892, for
the sum of $2,000 per school year, payable in monthly in-
stalments, as teacher in said normal school, and for $50
per week and all traveling expenses as such conductor of
institutes.   The plaintiff entered upon the performance of
said contract about the 1st day of September, 1891, and
continued to render services thereunder, in a satisfactory
manner, up to the 18th day of April, 1892, when he was
wrongfully discharged from such employment, without
cause or excuse.   The plaintiff has been ready and willing
at all times to perform all the conditions and requirements
of his said contract, but the defendant on said 18th day of
April, 1892, refused to allow him to do so, or to pay him

therefor.   Plaintiff demands judgment for the balance of his compensation as conductor of institutes, and for the balance of his salary for the full school year ending the 24th day of June, 1892, in the gross sum of $791.68, with interest and costs.

The answer is, in effect, as follows: The defendant board was authorized by law to make rules, regulations, and by-laws for the government and management of normal schools; to employ teachers therein, prescribe their duties, and fix their salaries, and to remove any teacher so employed, *at pleasure.* The state superintendent of public instruction, with the advice and consent of said board, was authorized to make such rules and regulations as they deemed proper for the government of said institutes, designate the counties in which they shall be held, and to employ agents to perform the work in connection therewith.   The board had adopted a rule, which was in force September 1, 1891, requiring all persons employed in the normal schools to enter into a written contract with the board in such form as the board may prescribe.   At the date aforesaid the plaintiff knew that said board had used a form of such contract, and that it had not been changed, that provided that such contract might be terminated by either party by giving the other party thirty days' notice thereof.   Any contract made between the plaintiff and the board was subject to said terms and conditions and the provisions of law.   The plaintiff had been employed as teacher in said normal school, and conductor, up to the aforesaid date, on said terms and conditions, and at a salary of $2,000 per school year, payable in monthly instalments, and $50 per week and traveling expenses as conductor of institutes; and he continued in said employment for the school year commencing September 1, 1891, and ending the 24th day of June, 1892, on the same terms and conditions.   During said school year, and prior to March 16, 1892, there was a

contention between the president and the professors and students of said normal school, and the plaintiff had become so involved therein as to impair his usefulness as a teacher in said school. The board therefore deemed it advisable that the plaintiff should be removed from his position as teacher in said school, and at a meeting of said board, held in conformity to law on the 16th day of March, 1892, at its office at Madison, said board adopted a resolution that the secretary of said board give a written notice to Prof. *S. Y. Gillan* that his services as a teacher in the Milwaukee Normal School, and institute conductor, be terminated at the end of thirty days thereafter, and that his services as an employee of the board end in thirty days from his receipt of said notice. The plaintiff acknowledged the receipt of said notice on the 18th day of March, 1892. The services of the plaintiff as such teacher and conductor ended, therefore, on the 18th day of April, 1892, and said contract, of employment was dissolved and terminated at said date, and since then the plaintiff has not been an employee of said board. The board, on the 25th day of March, 1892, paid the plaintiff $150 on the pay roll of that month, and on or before 15th day of July thereafter the board tendered to the plaintiff the further sum of $141.68, as the balance of his compensation as teacher and conductor, and for expenses, which the plaintiff refused to receive; and the board has tendered the plaintiff the sum of $324.06 in all, including costs, and has paid the money into court.

For this last-named sum the plaintiff obtained judgment. The action was dismissed, so far as the plaintiff sought to recover any salary or compensation for the school year subsequent to the 18th day of April, 1892. The facts stated in the answer, and the amounts tendered the plaintiff, appear to leave nothing at issue, except the plaintiff's claim of $641 as the balance of his salary up to the end of

the school year,— June 24, 1892. That question depends upon the right of the board to terminate the contract on the 18th day of April, 1892, at its mere pleasure or discretion, and that is the only question on this appeal.

The parties do not differ, so far as the contract is for the school year at the salary of $2,000 per year, payable in monthly instalments. The court does not find that the contract between the plaintiff and the board gave either party the right to terminate it on thirty days' notice. But the court seems to predicate the right of the board to terminate the contract at pleasure entirely on the statute, which became a part of and governs it. The appellant ought not to be so very particular and critical as to the legality of the meeting of the board which resolved to notify him that his contract was terminated, when the contract itself had its inception in a very informal, if any, action of the board; and the existence of any special contract for the year commencing September 1, 1891, depends upon mere inference, presumption, or implication from the fact that he had such a contract the year before. The board met, and so resolved, and its secretary served the notice of it upon the plaintiff. That was sufficient at least to terminate such a questionable special contract. If there was a hiring of the plaintiff for any certain time, it is implied, rather than expressed.

Sec. 404, R. S., provides that "the said board shall have the government and control of all the normal schools and *shall have power* to appoint a principal and assistants and such other teachers and officers, and to employ such persons, as may be required for each of said schools; to fix the salary of each person so appointed or employed, and to prescribe their several duties." Subd. 2. "To *remove at pleasure* any principal, assistant, or other officer or person from any office or employment in connection with any such school." Subd. 3. This statute the court below held,

and the learned counsel of the respondent contends, gave the *Board of Regents of Normal Schools* the power to remove the plaintiff from his employment as a teacher of the Milwaukee Normal School, as they attempted to do, April 18, 1892. The learned counsel of the appellant contends that the contract under which the plaintiff was employed contained no such provision, and that the statute does not compel the board to remove teachers without assigning any cause, and that one of the by-laws of the board requires the committee to make formal written contracts with teachers, and such contracts do not contain any such provision.

This power was wisely given to the board. An emergency might arise when the continuance of an objectionable teacher, even for a day, in his employment might be very injurious to the school. The trial of a teacher in a normal school on charges of misconduct, with its delays and publicity and the excitement it would produce and the feelings it would engender, would be very injurious to the school; and it would most likely make heated partisans of the other teachers and the scholars in the contest, and the evil consequences would be great, if not endless. There is no other way in which the character of the teacher could be saved, except by silent removal. An evil-disposed and perverse teacher might prefer to have charges against him made public, and to rally his forces of teachers and scholars and outside friends, and have a fight and battle with the board, no matter how much the school might be injured by it. It is at least doubtful whether the board could set on foot a trial of charges against a teacher of a normal school, with a view of merely removing him. It would seem to defeat the wise purpose the legislature had in view in giving the board this power of removal *at pleasure.* The question is not whether the board is bound to exercise this power in all cases, but whether, in case they do remove a

teacher summarily, the courts could interfere with the exercise of their discretion or reverse their action.

1. This power of summary removal of a teacher, vested in the board by statute, is a discretionary power, and its exercise in a given case cannot be inquired into or questioned by the courts. *Attorney General ex rel. Taylor v. Brown*, 1 Wis. 513; *State ex rel. Gill v. Watertown*, 9 Wis. 254; *State ex rel. Kennedy v. McGarry*, 21 Wis. 496; *State ex rel. Danforth v. Kuehn*, 34 Wis. 229; *State ex rel. Willis v. Prince*, 45 Wis. 610; *Queen v. Darlington School*, 6 Q. B. 682; *In re Hennen*, 13 Pet. 230; *State ex rel. Att'y Gen. v. Hawkins*, 44 Ohio St. 98.

2. This statute that gives the board the power of removal of all teachers at pleasure becomes a part of every contract the board makes with a teacher for his employment in a normal school. This is an old and incontestable principle of the law of contracts. Bish. Cont. sec. 439, and cases cited. In *Head v. University*, 19 Wall. 530, the court said, in relation to the employment of a professor in the Missouri University: "That he and his office and *contract* were subject to the laws in existence at the time of making it was sufficiently evident, without any declaration on the point."

3. The board of regents could make no by-law or contract by which this power could be bargained away, limited, or restricted. *Lauenstein v. Fond du Lac*, 28 Wis. 336; Beach, Pub. Corp. secs. 268, 269, 471; Dill. Mun. Corp. secs. 96, 97; *Brimmer v. Boston*, 102 Mass. 19; *Boylston Market Ass'n v. Boston*, 113 Mass. 528; *Queen v. Darlington School*, 6 Q. B. 682. This last case is much in point. The letters patent gave the governors of the Darlington School, established by a charter of Queen Elizabeth, the power to remove a teacher or school master "*according to their sound discretion.*" The case was of a *mandamus* to restore a teacher who had been removed without charges.

The governors had made a by-law by which teachers were to be removed on charges, and the teacher to be heard in his defense. Lord DENMAN held that "the discretionary power given by the letters patent was fatal to the validity of the by-law." That "the governors, when they undertook to govern the school in the manner required by the charter, accepted a larger trust and a wider duty. They are bound to remove a master who, according to their *sound discretion*, they think unfit for the place. The power of the governors to remove justifies their doing so, and it is not to be restricted by any opinion we may have of the reasons on which they might have been induced to exert it." The doctrine of that case has never been repudiated or questioned. It is sound in reason as well as in law. When such a discretionary power has been exercised, it can no more be questioned than the statute itself.

4. After the plaintiff had been removed, and the contract relation between himself and the board terminated, and notice thereof received by him, his right to any further salary or compensation, as a matter of course, is also terminated. Beach, Pub. Corp. sec. 168 *et seq.; Eckloff v. District of Columbia*, 135 U. S. 240; *Langdon v. New York*, 92 N. Y. 427; *Gillespie v. New York*, 6 Daly, 286; *Gregory v. New York*, 113 N. Y. 416. The contract of the plaintiff with the board was not for any certain time, but to continue only so long as the board may not exercise this statutory power of removal. The statute became a condition of his contract, as much as if it was written in it, that the board might remove him *at pleasure*. He accepted the employment with knowledge of the law on this condition of his contract, and he has no reason to complain of it.

These principles appear to be unquestionable. The learned counsel has cited no case in contradiction of them. The cases he cites are those in which no notice of the termination of the employment had been given. In *Butler v.*

*Regents*, 32 Wis. 124, the regents did not exercise the power of removal, and there was no such question in the case. In *Tripp v. School Dist.* 50 Wis. 651, this court held, in effect, that the termination of the services of the teacher was not authorized by the statute. If the exercise of this discretionary power conferred on the board by the statute is not effectual to remove a teacher in the normal schools and terminate his wages, then the statute is nugatory and has no force whatever, and it had better be repealed. We can come to no other conclusion than that of the circuit court,— that the plaintiff was entitled to no compensation or salary beyond the 18th day of April, 1892. The removal of the plaintiff is not questioned as an *abuse* of the discretion of the board.

This has been a very unfortunate controversy; but it is better that it has been in the courts, than before the board of regents of normal schools, on the trial of charges against the plaintiff, with the view of his removal for cause, and it has done far less harm to the plaintiff or the school. The plaintiff's competency and ability as a teacher have not been questioned, or his moral character assailed. He had unfortunately become embroiled in controversies which impaired his usefulness as a teacher, and threatened the success, peace, and harmony of the school. It was thought, no doubt, by the board, that his removal in this quiet way would promote the interests of the Milwaukee Normal School, and the board has not been charged with any other motive. This important case has been very ably presented by the learned counsel on both sides, and we have endeavored to give to it sufficient attention to arrive at a correct conclusion.

*By the Court.*— The judgment of the circuit court is affirmed.