SCHOOL DISTRICT No. 18, OF KEARNY COUNTY,
KANSAS, v. LEWIS DAVIES.

No. 13,599. ( 76 Pac. 409.)

SYLLABUS BY THE COURT.

SCHOOLS AND SCHOOL DISTRICTS—*Dismissal of Teacher—Act of Board Conclusive.* Section 6184, General Statutes of 1901, provides for the employment of teachers and the manner of employing them in the district schools of the state. It also provides for the dismissal of teachers, the causes for which they may be dismissed, and the manner in which they may be dismissed; and where the district board, in conjunction with the county superintendent, dismisses a teacher, as provided by said section, such act of dismissal is final and conclusive, in the absence of fraud, corruption, or oppression.

Error from Kearny district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed April 9, 1904. Reversed.

*E. R. Thorpe,* and *F. Dumont Smith,* for plaintiff in error.

*Miller & Hoskinson,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : On August 10, 1901, school district No. 18, of Kearny county, entered into a written contract with Lewis Davies to teach school for a term of eight months, to commence on September 30 following, at a salary of $40 per month, payable at the end of each school month. Davies commenced work under this contract and continued to teach, receiving payment therefor, until January 31, 1902, when he was dismissed by the district board, acting in conjunction with the county superintendent, on a charge of incompetency, cruelty, and negligence.

On May 22, 1902, Davies commenced an action

against the district in the district court of Kearny county to recover the sum of $150, damages alleged to have been by him sustained on account of his dismissal.   In his petition, after alleging the execution of the contract and the entering upon his duties as teacher thereunder, plaintiff averred in substance his willingness and readiness at all times to discharge the duties of teacher and comply with the terms of said contract, and the refusal of defendant to permit him to do so.

Defendant answered admitting the execution of the written contract, and that plaintiff had taught the school thereunder for a period of four months and one week.   It averred that plaintiff had received payment for services rendered; that in the conduct of said school plaintiff was incompetent, cruel, and negligent, and that the district board, acting in conjunction with the county superintendent, had dismissed him for incompetency, cruelty, and negligence.   The jury awarded plaintiff $50, and returned four special findings.   The court, upon motion of plaintiff, set aside the general verdict and rendered judgment for plaintiff in the sum of $150 upon the special findings.

The record discloses that at a meeting of the district board in conjunction with the county superintendent, on January 31, 1902, plaintiff was dismissed on the charge of incompetency, cruelty, and negligence. There was no claim of fraud, corruption or oppression in the action of dismissal.   Defendant, upon the trial, requested the court to give the following instruction :

"If the jury find from the evidence that the school board of the defendant district met in conjunction with the county superintendent of public instruction to consider the matter of complaints made against the plaintiff as teacher of the school of the district, and at such meeting such board and superintendent

gave full and fair consideration to the facts of the matter as known to them personally, and also used reasonable diligence to inform themselves upon the subject from such sources as were available, and gave full and fair consideration to such information, and then, in good faith, reached the unanimous conclusion that plaintiff had been so negligent of his duties as teacher that the interest of the school required his discharge, and, therefore, made an order discharging him as such teacher on the 31st day of January, 1902, then plaintiff is not entitled to recover in this action.''

The court refused to give the instruction requested, and did not instruct the jury relative to the legal effect of the dismissal of plaintiff by the district board acting in conjunction with the county superintendent.

Defendant brings the case here and urges the following assignments of error : (1) The refusal of the trial court to give said instruction, or to instruct the jury relative to the legal effect of the dismissal of plaintiff by the district board acting in conjunction with the county superintendent ; (2) the action of the trial court in setting aside the general verdict and entering judgment for plaintiff on the special findings. The view we take of the case requires a consideration of the first assignment of error only.

Section 6184, General Statutes of 1901, provides for the employment of teachers and the manner of employing them in the district schools of the state. It also provides for the dismissal of teachers, the causes for which they may be dismissed, and the manner in which they may be dismissed. It reads :

''The district board in each district shall contract with and hire qualified teachers, for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office ; and, in conjunction with

the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality.''

In the case of *School District v. McCoy*, 30 Kan. 268, 1 Pac. 97, 46 Am. Rep. 92, it was held that the school-district board, acting in conjunction with the county superintendent, as provided by said section, was not a court; that this tribunal so constituted could act without pleading and without process, and the proceedings to dismiss a teacher could be conducted by it in an informal manner. We are now called upon to determine the legal effect of the acts of this tribunal. The legislature must have had a purpose in uniting the county superintendent with the school-district board. In doing so it constituted a special tribunal, which may fairly be said to be outside and independent of the employing board—a tribunal unknown to the common law, and given power to dismiss the teacher for negligence, incompetency, cruelty, or immorality.

In the case of *Meffert v. Medical Board*, 66 Kan. 710, 72 Pac. 247, the board of medical registration and examination was classed with such boards as the county board of equalization, boards for the examination of applicants for teachers' certificates, city councils in granting and refusing a business or occupation license, and numerous other boards of similar character. It was there said that such boards performed no judicial functions, were not judicial tribunals, and had never been classified as such. It was held, however, that in the absence of fraud, corruption, or oppression, the findings of the medical board were conclusive upon this court.

The school law of New Jersey clothes the board of education with power to employ teachers, and to remove them for cause. There is given the right of

appeal to the county superintendent; from that official is given the right of appeal to the state superintendent, and thence to the state board of education. There is no statutory provision constituting the acts of the state board of education final.  In the case of *Draper v. Comm'rs of Public Instruction*, 66 N. J. L. 54, 48 Atl. 556, it was held that the board had exclusive jurisdiction over such controversies and that its determinations were final.  The school law of Iowa in the matter of the dismissal of teachers is quite similar to that of New Jersey.  The supreme court of Iowa, in the case of *Park v. The Independent School District of Pleasant Grove*, 65 Iowa, 209, 21 N. W. 567, held that the finding of the county superintendent, sustained by the state superintendent on appeal, was final; that the proceeding is statutory, unknown to the common law, and the courts therefore have no authority to reexamine or retry the questions of fact.

In the case of  *McCrea v. School District*, 145 Pa. St. 550, 22 Atl. 1040, it was held that under a statute giving a board of directors power to dismiss a teacher for incompetency, cruelty, negligence or immorality, the board was held merely to the observance of good faith, and its acts were not reviewable.  To like effect was the case of *Whitehead v. School District*, 145 Pa. St. 418, 22 Atl. 991.

In *Gillan v. The Board of Regents of Normal Schools*, 88 Wis. 7, 58 N. W. 1042, 24 L. R. A. 336, it was held that the power to remove a teacher, given to the board of regents, when exercised in a given case, cannot be inquired into by the courts; that this power of removal becomes a part of every contract made by the board with the teacher ; that when the board has exercised this power and the teacher has received notice thereof, the right to further salary or compensation is terminated.

In the case of *People, ex rel. Gorlitz, v. Board of Education*, 52 N. Y. Super. Ct. 520, under a statute providing that "any teacher may be removed by the board of education upon the recommendation of the city superintendent," it was held that the order of removal might be made without cause asserted or shown, and was not reviewable.

It is manifest that the intention of the legislature in enacting section 6184 was to provide a speedy and inexpensive mode for the dismissal of teachers from the district schools. We believe that the legislature established this tribunal, clothed with the power to dismiss, with the intention that its acts should be final. The teacher takes his employment with the knowledge of this power and it enters into his contract of hire, however made or formulated. We can see no purpose or object of the legislature in joining the county superintendent with the district board and giving the tribunal thus created the power to dismiss teachers unless it was intended that, in the absence of fraud, corruption, or oppression, its acts should be final and conclusive. It would tend greatly to impair the government and efficiency of the public schools if the honest judgment and discretion of this tribunal, so exercised, were subject to review.

The judgment of the district court is reversed.

All the Justices concurring.

MASON, J., not sitting, having been of counsel.