CURKEET, Appellant, vs. JOINT SCHOOL DISTRICT No. 2, TOWN OF RICHLAND AND CITY OF RICHLAND CENTER, Respondent.

*November 20—December 8, 1914.*

*Schools and school districts: Powers of school boards: Discharge of teachers: Instructions to jury.*

1. Under sec. 441, Stats., a school board may discharge a teacher who has failed to perform his duties under his contract.
2. In an action by a teacher against a school district to recover damages for a wrongful discharge, the court instructed the jury: "As a general rule a teacher may be removed or dismissed before the expiration of his term of service for any cause that renders him unfit to be a teacher in the public schools so that the best interests of the school require that he should be removed or dismissed, as for incompetency in teaching, failing to manage and control the school, or failing in any respect to perform his obligations as a teacher, from which arises disorganization in the school work.    You are to determine in this case whether the discharge of the plaintiff by the school board was justified." *Held*, that the instruction was not open to the objection that it left it to the jury to say what constituted good cause for discharging plaintiff, nor the objection that under it the jury might assume that the school board was justified in dismissing plaintiff for any reason it considered sufficient, regardless of the evidence.    It must be presumed that the jury proceeded under the rules of law given them and the facts in evidence.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge.    *Affirmed.*

Action by the plaintiff to recover damages from the defendant for breach of a contract in discharging him from his

employment as a school teacher.    The plaintiff was an assistant in the defendant's high school during the years 1910–11 and 1911–12 and was re-engaged to teach in the high school beginning the school year 1912–13.    He taught from the opening of school, September 12, 1912, and continued in the service until March 8, 1913, when he was dismissed from service by the school board.

There was evidence tending to show that the plaintiff at one time refused to continue instructing a class in mechanical drawing which recited at 8 o'clock in the morning.    The principal of the school, however, insisted on his continuance as instructor of this class.    Upon report of the matter to the school board and an investigation thereof by its committee, plaintiff was told to comply with the direction of the principal of the school in this and other matters pertaining to the management of the school and the assignment of classes and their hours of recitation.    The plaintiff, it appears, reluctantly conformed to this determination of the board and continued to teach this class for the remainder of the school term. It also appears that plaintiff, as director of the football team, arbitrarily tried to revoke a permission he had given to the team to play a game with another high school and represented that he had not consented thereto, but upon a hearing before the principal he admitted in a qualified manner that his consent had been given.    It also appears that serious altercations arose between the plaintiff and the lady teachers concerning their management of the main room during specified hours and the management and charge of the girls' basketball team. The troubles finally culminated in plaintiff's refusal to be interviewed or to offer any explanation to the principal of a physical encounter between him and one Olson, a pupil, who was a member of the basketball team, which caused a serious disturbance in the management of the school.    Upon report by the principal of these conditions to the school board, the

plaintiff and Olson were notified to appear before the board and give an explanation of their conduct on March 7, 1913. Olson gave his version of the meeting and the plaintiff was then requested to give any further explanation of the affair. The plaintiff admitted that Olson had stated about what had occurred on that occasion. The evidence also shows that the plaintiff refused to abide by and follow suggestions and directions of the principal of the school.

The court submitted the case to the jury, who returned a general verdict for the plaintiff and assessed his damages at $25. The school district on October 10, 1913, served an offer to have judgment awarded in plaintiff's favor and against the district for the sum of $25 damages, with interest thereon at the rate of six per cent. from April 1, 1913. Plaintiff did not accept this offer and claimed the right to recover damages in the sum of $250 and his costs of the action. The court awarded plaintiff judgment to recover the sum of $25 with the costs of the action up to the date of the defendant's offer of judgment, and granted defendant its costs in the action which were incurred subsequent to such offer of judgment. The plaintiff appeals from such judgment.

For the appellant there was a brief by *Kopp & Brunckhorst* and *Bancroft & Johns,* and oral argument by *L. A. Brunckhorst.* They cited *State ex rel. Burpee v. Burton,* 45 Wis. 150; sec. 453, Stats. 1913; *Carver v. School Dist.* 113 Mich. 524, 71 N. W. 859; *Coffin v. Board of Education,* 114 Mich. 342, 72 N. W. 156; *Tripp v. School Dist.* 50 Wis. 651, 7 N. W. 840; *Scott v. Joint School Dist.* 51 Wis. 554, 8 N. W. 398; *Green v. Gilbert,* 21 Wis. 395; *Jennings v. Lyons,* 39 Wis. 553; *Winkler v. Racine W. & C. Co.* 99 Wis. 184, 187, 74 N. W. 793; *People ex rel. Peixotto v. Board of Education,* 82 Misc. 684, 144 N. Y. Supp. 87.

For the respondent there was a brief by *Burnham & Black,* and oral argument by *O. D. Black.* They cited 35 Cyc. 1089,

·1090, 1097; *Crawfordsville v. Hays,* 42 Ind. 200, 210; *Robinson v. School Directors,* 96 Ill. App. 604; *Tripp v. School Dist.* 50 Wis. 651, 659, 7 N. W. 840.

SIEBECKER, J.    It is contended by the plaintiff that the evidence does not justify the submission of the case to the jury and that the court erred in refusing to direct a verdict in his favor for the $250 as demanded in his complaint. The school board is by statute required to·perform the duties incident to conducting the common schools, among them the following:

"The board shall visit the school, examine into its condition, advise with the teacher in regard to the instruction, government and progress of the pupils, and exercise such general supervision as may be necessary to carry out the provisions of this chapter."    Sec. 441, Stats. 1913.

This statute has been a part of the school law since 1863. School boards have thereby enjoined upon them very extensive duties in maintaining the common schools and in administering the school affairs.    Such duties embrace that of inquiry into the question of the failure of a teacher to perform his contract obligation as a teacher, and if they find that a teacher has breached his contract it is their duty to take such steps as may be necessary to carry out the purposes of the school, and if a teacher has failed to perform his duties under his contract they can discharge him from further service. This duty of the board was recognized in the case of *Tripp v. School Dist.* 50 Wis. 651, 7 N. W. 840.    See, also, 35 Cyc. 1089.

An examination of the evidence in this case discloses a situation which justified the court in submitting to the jury the inquiry whether or not plaintiff had breached his contract. In submitting this inquiry to the jury the court instructed the jury as follows:

"As a general rule a teacher may be removed or dismissed before the expiration of his term of service for any cause that

Curkeet v. Joint School District, 159 Wis. 149.

renders him unfit to be a teacher in the public schools so that the best interests of the school require that he should be removed or dismissed, as for incompetency in teaching, failing to manage and control the school, or failing in any respect to perform his obligations as a teacher, from which arises disorganization in the school work. You are to determine in this case whether the discharge of the plaintiff by the school board was justified."

It is urged that this instruction is erroneous in that it left it to the jury to say what constituted good cause for discharging the plaintiff from his service. We think this claim of the appellant is not sustained. It must be presumed that the jury followed the law as it was given to them by the court in his instructions. They were informed that in law a teacher could be legally dismissed from service if it appears that he is not a fit person to be a teacher, as when it appears that he is incompetent to teach or to manage or to control the school, or otherwise fails to perform his obligations, which disorganizes the school work. It must be presumed that they applied these rules to the evidence before them. We cannot assume, as appellant argues, that the jury under these instructions may have assumed that the board were justified in dismissing the plaintiff for any reason they considered sufficient, regardless of the evidence. It must be considered that they proceeded under the rules of law given them and the facts in evidence. The evidence is sufficient to permit the jury to find that the board were justified in their action resulting in the dismissal of the plaintiff from further service as a teacher. We find no prejudicial error in refusing to instruct the jury as requested in the light of the instruction the court gave the jury in submitting the case to them for determination. The court awarded the proper judgment on the verdict.

*By the Court.*—Judgment affirmed.