## Maxey v. Board of Trustees of Elizabethtown Graded School District.

(Decided April 23, 1920.)

### Appeal from Hardin Circuit Court.

1. **Schools and School Districts—Employment and Dismissal of Teachers.**—Where the schools of a city of the fourth class are organized and operated under the general school laws of the state rather than as city schools under section 3588, of the statutes, or the optional commission form (sec. 3587a, Ky. Statutes), the power of the school board to employ and dismiss teachers is defined by section 4474 rather than section 3591 or sub-section 14 of section 3587a, Kentucky Statutes.

2. **Schools and School Districts—Removal of Teachers.**—Under section 4474, Kentucky Statutes, the board of trustees of graded common school districts has the power to dismiss or remove a principal or teachers without notice or cause. Hence, a principal of a graded common school district who was dismissed without notice after being employed by the Board of Trustees has no right of action for breach of contract since this provision of the statute must be read into his contract of employment.

D. M. COOPER and L. A. FAUREST for appellant.

H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Alleging that he was on May 8th, 1907, employed by appellee as superintendent of the Elizabethtown graded

schools for the following year at a salary of $1,600.00, and that he had been discharged without notice or cause on September 25th, 1917, the appellant instituted this action against the appellee to recover as damages for the alleged breach of contract the sum of $1,433.33. After issue had been joined, upon a trial before a jury, a verdict was returned in his favor in the sum of $700.00. Thereupon the appellee entered a motion for a judgment in its favor notwithstanding the verdict, which was sustained and the petition dismissed, from which judgment the plaintiff appeals.

Although Elizabethtown is now a city of the fourth class it is apparent from this record, as is practically conceded by appellant, that its schools are organized and operated under the general school laws of the state rather than as a city school under section 3588 of the statutes or under the optional commission form provided for by section 3587a of the statutes. As a consequence section 4474 rather than section 3591 or subsection 14 of section 3587a of the statutes defines the power of the school board to employ and dismiss teachers. Insofar as applicable this section reads:

"Said trustees shall appoint and employ a principal and all teachers and fix their compensation, and may suspend or dismiss them or any other person appointed or employed by them."

It will be noticed that by this section the power to suspend or dismiss is unqualified and in general terms.

In the case of Adams v. Thomas, 12 S. W. 940, this court in construing a special act which provided that "said board shall have entire control of appointment and removal of teachers" expressed the opinion that the board had the power to remove the superintendent at pleasure without the revision or approval of the county superintendent, and denied his right of recovery for the alleged breach of contract. This case, however, as authority here is very much weakened by reason of the fact that the court finally rests its decision upon the terms of the contract rather than its construction of the statute.

In no other case, so far as we have been able to find, has this court had before it the question of the power of the trustees of a school district to discharge a teacher without notice or cause, but in the case of South v. Sinking Fund Commissioners, 86 Ky. 186, it was held that

the commissioners of the state penitentiary could discharge employees without notice or cause where the authority of the commissioners to employ and discharge employees is expressed in language not materially different from that in the section now before us. It was further held in that case that as the commissioners had the power of removal without trial in their discretion their action is not subject to judicial investigation.

The other Kentucky case cited—Todd, Mayor v. Dunlap, et al., 99 Ky. 449, 36 S. W. 541—is not analogous or applicable because the court was there considering the right of the mayor to remove city officers, with reference to which a very different rule prevails both generally and because of a constitutional provision with reference thereto.

In construing a very similar Idaho statute to ours, in the case of Ewin v. Independent School District No. 8, 10 Idaho 113, 77 Pac. 222, the court said:

"After an examination of the various authorities citied by respective counsel, as well as others, we conclude that the general principle running through them all is that where the power to remove is restricted or limited to certain reasons or causes the final determination as to whether the case falls within any of those causes rests with the courts and may be reviewed or inquired into by them, and on the other hand where the power is general, unlimited and unrestricted, and is once exercised, it cannot and will not be questioned or examined into by the courts. It may be exercised either with or without notice."

To the same effect are Herman v. Independent School District No. 1, Bonner County, — Idaho —, 135 Pac. 1159; School District No. 18 v. Davies, 69 Kans. 166, 76 Pac. 409; Ward v. Kansas State Agricultural College, 70 C. C. A. 512, 138 Federal 377; Gillan v. Board of Regents of Normal Schools, 88 Wisc. 7, 58 N. W. 1042, 24 L. R. A. 336.

In the case of Eckloff v. District of Columbia, 135 U. S. 240, the Supreme Court in discussing this question said: "The grant of a general power of removal carries with it the right to remove at any time or in any manner deemed best, without notice."

In the Gillan case, *supra*, construing a Wisconsin statute very similar to our statute except that it includes the words "at pleasure," the court said: "This statute

that gives the board the power of removal of all teachers at pleasure becomes a part of every contract the board makes with the teacher for his employment in a normal school. This is an old and incontestable principle of the law of contracts.''

We are therefore of the opinion that under section 4474 of Kentucky Statutes the appellee had the power to dismiss appellant without notice or cause and that this provision of the statute must be read into his contract of employment. As a consequence the petition did not state a cause of action and the court did not err in rendering a judgment for the appellee notwithstanding the verdict. The fact that the legislature in other statutes with reference to other schools than graded common schools has expressly limited the power of removal for cause and upon notice does not suggest a reason for reading a similar limitation into this statute, but rather indicates a design upon the part of the legislature to grant larger power to the trustees of graded common schools in the matter of dismissal of teachers than to trustees of other schools, and we would not be authorized to read into this statute a limitation not placed there by the legislature, even though there does not appear to be any reason for the distinction made.

Wherefore the judgment is affirmed.