STATE EX REL. THOMPSON, Respondent, vs. BOARD OF SCHOOL DIRECTORS OF THE CITY OF MILWAUKEE and others, Appellants.

*December 6, 1922—January 9, 1923.*

*Schools: Teachers: Discharge: Grounds: Marriage of teacher: Failure to report fact of marriage: Damages: Mandamus to secure reinstatement: Allowance of attorney's fees to relator.*

1. By continuous service a teacher in the city schools may acquire a position and standing under the law regulating the tenure of office and the teachers' retirement fund that is of value.
2. A board of school directors, authorized under its own rule to dismiss teachers for misconduct or inattention to duty, did not have any sufficient grounds to justify dismissing and refusing to employ a teacher who was married in March but failed to report her marriage until after the end of the

term, during which time she continued to use and sign her maiden name to the school records, in violation of a regulation of the board, where there is no showing of wilful or intentional flouting of authority or of harm resulting from her failure to give immediate notice of her marriage, and the rule is silent as to how soon the marriage should be reported.

3. The allowance of attorney's fees as an item of damages in *mandamus* proceedings for the unlawful discharge of a school teacher is not authorized by sec. 3453, Stats., and is improper.

4. Deduction of the amount earned elsewhere from the damages awarded for the wrongful discharge of a teacher is proper.

5. *Mandamus* is the proper remedy for the improper discharge of a teacher seeking reinstatement and damages.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Modified and affirmed.*

In June, 1914, the relator commenced service as a teacher in the public schools of the city of Milwaukee and continued such service thereafter continuously until the 5th of September, 1921. In 1914 she was unmarried and her name appeared on the records as *Elsie Dickerhoff*. In January, 1921, the said school board adopted and made a part of its rules and regulations the following:

"Married women teachers shall not be transferred, promoted or permanently appointed to regular teaching positions except in clearly attested cases where the teacher becomes the sole support of a family by reason of the death or incapacity of the husband and that married teacher shall be known by her married name on all school records and printed matter."

On March 5, 1921, the relator married one Peter Thompson. She made no report at that time of her marriage to the principal of the school where she was then engaged, nor to any of the school authorities, and continued for the rest of the then semester and until school closed in June, 1921, to sign the school records and the payroll with her maiden name of *Elsie Dickerhoff* only.

Prior to the commencement of the school work in September, 1921, the relator did report the fact of her marriage to her school principal and it was communicated to the superintendent of city schools. On September 5, 1921, the latter gave written notice to relator to the effect that she was suspended from service as such teacher and stating as follows: "The ground for your suspension is that you repeatedly signed your former maiden name to the school records during the second semester of the last school year in violation of the board's proceedings in this regard."

Thereafter proceedings were had before the defendant school board, and on November 1, 1921, by resolution of said board, the action of the superintendent in so suspending her on September 5th was approved, and further stating that the relator has been discharged as such teacher as of September 5th because of her violation of the rule of the school board providing that "married teacher shall be known by her married name on all school records and printed matter." The relator had reported for duty on September 6th, and thereafter held herself in position to serve as such teacher. In March, 1922, the relator obtained an order for an alternative writ of *mandamus*.

Defendants moved to quash such writ. An agreed statement of facts was submitted on the hearing.

The court found in addition to the facts already recited that the only rule or regulation of the board of school directors dealing with the subject of causes for dismissal or discharge of teachers is as follows:

Article XVII. "The committee on complaints shall hear all charges against teachers and janitors and shall, subject to the approval of the board, dismiss teachers and janitors by majority vote for misconduct, incompetency, inefficiency, or inattention to duty."

That there was no other cause for the suspension of relator except that as stated above; that she was by reason

State ex rel. Thompson v. School Directors, 179 Wis. 284.

of such suspension unable to secure employment as a teacher in any of the public schools of the city of Milwaukee during the school year of 1921 to 1922; that during such period and during hours in which the services of teachers may reasonably be and frequently are required in the public schools of Milwaukee, she secured other employment and earned therefrom the sum of $150, and that no showing had been made that she might by the exercise of reasonable diligence have earned any greater sum during said period; that a balance of $1,730 was due her for the monthly instalments for her fixed salary during said period, less the deductions of $2 per month to be paid into the public school teachers' annuity and retirement fund and less the said sum of $150 as above stated; to which amount there was added the interest accrued on the same and a further allowance of $250 as the reasonable value of her attorney's services rendered in the conduct of this litigation to compel compliance with the command of the alternative writ of *mandamus*.

As conclusions of law the court found in substance as follows:

That the action of the board of school directors in discharging relator from her position as a teacher was unwarranted, unjustifiable, unlawful, and void; that she is entitled to her position as a teacher in such public schools as was held by her until September 5, 1921; that she is entitled to credit for teaching experience for such school year of 1921 to 1922; that the action of both the superintendent and the board in suspending her as such teacher should be vacated and set aside and she should be paid the amounts above stated for which she was entitled to judgment against the city, and to the writ of *mandamus* as prayed.

From the judgment entered in accordance therewith the defendants have appealed.

*John M. Niven,* city attorney, and *Charles W. Babcock,* assistant city attorney, for the appellants.

State ex rel. Thompson v. School Directors, 179 Wis. 284.

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt* of Milwaukee, and oral argument by *William F. Hannan.*

Eschweiler, J.   By her continuous service as teacher in the city schools of Milwaukee from 1914 the relator had acquired a position and standing under the law regulating the tenure of office and the teachers' retirement fund that was of value to her. *State ex rel. Murphy v. Board of Trustees,* 168 Wis. 238, 169 N. W. 562. This she would necessarily lose, or at least place in serious jeopardy, if her services as such teacher could be permanently suspended as was attempted to be done by the action of the school board here in question.

The only power the board of school directors had to dismiss the relator as found by the court, and none other is claimed here, was under its own rule or article XVII, quoted above; whereby the board, by majority vote, upon report by its committee on complaints, might dismiss a teacher for misconduct, incompetency, inefficiency, or inattention to duty. Manifestly the situation here presented was one where, if the dismissal can be supported, it must be by reason of something the relator did or failed to do amounting to either misconduct or inattention to duty. It clearly was neither of the other two stated grounds for dismissal, viz. incompetency or inefficiency. Such a dismissal cannot be at the mere pleasure of the board, as was the case under express statutory power to that effect given the normal school board as found in *Gillan v. Board of Regents,* 88 Wis. 7, 11, 58 N. W. 1042.

Assuming for the present disposition of this case that the rule adopted by the board of school directors in January, 1921, relating to the transfers, promotions, or permanent appointments of women teachers who are married and the name that such teacher shall be known by on all school records and printed matter is a valid regulation, the validity

whereof, however, we do not now determine, nevertheless we feel constrained to hold that the facts as presented in this record will not and do not support a finding that there was either misconduct or inattention to duty by the relator such as warranted the severe penalty inflicted by the determination of the school board in this particular instance.

There is no showing of any wilful or intentional flouting of the authority of the school board by the relator and no showing of any harm having arisen by reason of her failure to immediately notify the school board of the change from her status as an unmarried to that of a married woman. The rule itself was silent as to how soon after such a change the fact of such change should be reported. There is no showing that any particular printed matter used by the school board in the administration of the school affairs needed to be or would have been changed if the fact of such marriage had been immediately reported, it then being in the midst of the current semester of school work. The entire record of this transaction is here before us and it is barren of anything indicating any harm or damage actually done in the administration of the school affairs, to school discipline, or control, and in the absence of such showing we cannot assume that there was anything else.

Giving, as we are in duty and by inclination bound, full value and due deference to the determination of such an administrative body as is the school board here, charged with the delicate and vitally important duty of controlling, managing, and regulating the conduct of the schools, its teaching force, and its pupils in its discharge of the important governmental duty, and as has heretofore been repeatedly recognized as due to such body as in such cases as *State ex rel. Beattie v. Board of Education,* 169 Wis. 231, 234, 172 N. W. 153; *State ex rel. Dresser v. District Board,* 135 Wis. 619, 628, 116 N. W. 232; *Curkeet v. Joint School District,* 159 Wis. 149, 149 N. W. 708, yet we are compelled to here determine that the school board did not

have any sufficient grounds to justify and warrant it in dismissing and discharging the relator. This view is sufficient to support and uphold the conclusion of the trial court in this regard and renders it unnecessary to consider or decide many other questions presented and argued.

Appellants complain of the allowance by the trial court of the sum of $250 for the services of her attorneys in conducting the present litigation. That objection is well taken. We can find no warrant for the allowance to the relator of such attorney fees. It is not expressly provided for, and not, we think, by implication, in sec. 3453, Stats., providing for the awarding of damages and costs upon judgment in relator's favor in *mandamus* proceedings. This statute was considered in the case of *State ex rel. Bautz v. Harper,* 166 Wis. 303, 310, 165 N. W. 281, and it was there held that no damages could be properly awarded to a relator upon an insufficient return by a public officer in a somewhat similar *mandamus* proceeding. That such attorney fees in the very litigation are not a proper element to be recovered, in the absence of express statute, has just been declared in the case of *Weinhagen v. Hayes, ante,* p. 62, 190 N. W. 1002.

The relator has presented her objection to the deducting of the sum of $150 which was earned by her during the school year of 1921–22. We do not deem it necessary to discuss the evidence on that branch of the case or to say more than that we are satisfied with the trial court's disposition of that matter.

The nature of the relief prayed for and granted made *mandamus* a proper remedy. It follows therefrom that the trial court was correct in the results reached in this matter, except as to attorney fees.

*By the Court.*—Judgment modified by disallowing the sum of $250 attorney fees, and as so modified affirmed upon the grounds stated.